```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/06
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GOLDENTREE ASSET MANAGEMENT, L.P.,
and BLACKROCK KELSO CAPITAL
ADVISORS, L.L.C.,
     Plaintiffs,

 - v -           No. 06 Civ. 2822 (LTS) (FM)

THE LONGABERGER COMPANY,

     Defendant.

LAURA TAYLOR SWAIN, United States District Judge

MEMORANDUM OPINION AND ORDER

    Plaintiffs GoldenTree Asset Management, L.P. ("GoldenTree"), and BlackRock Kelso Capital Advisors, L.L.C. ("BlackRock"), (collectively, "Plaintiffs") allege that the defendant The Longaberger Company ("Defendant" or "Longaberger") breached an express written contract relative to a loan agreement ("Agreement"), and seek damages. Plaintiffs invoke the diversity jurisdiction of this Court.[1] This matter now comes before the Court on the motion of Longaberger, which had earlier commenced a declaratory judgment action in Ohio state court relating to the same subject matter, for abstention, and for remand of this action to the Court of Common Pleas for Licking County, Ohio, pursuant to the balance of factors in the Supreme Court's Colorado River jurisprudence.

    The Court has considered thoroughly all of the parties' submissions and

---

[1] Although the complaint fails to allege the citizenship of the members of the non-corporate entities and this is insufficient on its face to demonstrate the propriety of the exercise of subject matter jurisdiction, the Court's determination of the instant motion practice renders clarification of the citizenship of the parties unnecessary.

arguments in connection with the instant motion. For the reasons set forth below, Defendant's motion for abstention pursuant to the Colorado River doctrine is granted. Accordingly, this matter is dismissed without prejudice.

## BACKGROUND

The following factual allegations are taken from the Complaint and the parties' submitted motions.

GoldenTree, a Delaware limited partnership having its principal place of business in New York, and BlackRock, a Delaware limited liability company having its principal place of business in New York, are financial lenders. (Hyland Decl., Ex. D ("Compl.") ¶¶ 7-10.) Defendant The Longaberger Company is an Ohio corporation having its principal place of business in Ohio. (Id.)

In July 2005, Plaintiffs and Longaberger entered into a loan agreement ("Agreement"). (Id. ¶ 10.) The Agreement provided that, before committing to a proposed multi-million dollar financing deal with Defendant, Plaintiffs were to conduct due diligence regarding the suitability of the deal. (Id.) To aid in their due diligence efforts, the Agreement required Defendant to provide Plaintiffs with a $100,000 deposit. (Id. ¶ 15.) Further, if Plaintiffs first obtained Longaberger's consent for additional costs over the $100,000 deposit, Defendant was to reimburse Plaintiffs for any such costs. (Id.) Plaintiffs allege that they incurred costs of $217,685.99 in excess of the initial $100,000 deposit. (Id. ¶¶ 33-34.) Defendant has refused to reimburse the costs, asserting that Plaintiffs never sought nor obtained Defendant's consent to incur such costs. (Def.'s Mot. at 2.)

Longaberger filed a complaint on April 5, 2006, in the Court of Common Pleas for Licking County, Ohio, seeking a declaratory judgment that it does not owe Plaintiffs the additional $217,685.99 under the Agreement. (Hyland Decl., Ex. A ("Ohio Compl.") ¶ 15.) Plaintiffs accepted service of the Ohio Complaint, and moved for dismissal on jurisdictional and pleading grounds. The Ohio court denied the motion in its entirety. (Def.'s Mot. at 2.) Consequently, Plaintiffs answered the Ohio Complaint and filed a counterclaim against Longaberger asserting their breach of contract and damages claims. (Hyland Decl., Ex. C ("Ohio Answer & Countercl.").) Additionally, in the Ohio action, Plaintiffs served discovery requests on Longaberger, and *vice versa*. (Def.'s Reply Mem. at 3.) Longaberger has filed a summary judgment motion in the Ohio court on all pending claims. (Id.)

On April 11, 2006, Plaintiffs filed this action, alleging breach of an express written contract, specifically the Agreement, and seeking damages in excess of $217,685.99. Plaintiffs' Complaint is nearly identical to their counterclaim in the Ohio action. (Compl. ¶¶ 36, 38; see also generally Ohio Answer & Countercl.) Other than Defendant's motion for abstention, no significant activity in this matter has occurred before the Court.

## DISCUSSION

The Colorado River Abstention Doctrine

Defendant seeks to have this action stayed or dismissed under the Colorado River abstention doctrine. As a general rule, federal courts have an "unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Cons. Dist. v. United States, 424 U.S. 800, 817 (1976). However, when parallel state court proceedings exist, and exceptional

circumstances warrant, a federal district court may decline to exercise its jurisdiction over a particular matter. Id. at 818. The declination by a federal court to exercise its jurisdiction in light of parallel or duplicative state court proceedings is to be in "the interests of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817 (quotation marks and citation omitted). Moreover, a court's decision to abstain is made only after a careful balancing of various factors weighted in favor of exercising jurisdiction. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983). No single factor is determinative, and "the weight to be given to any one factor may vary greatly from case to case." Id.

The Second Circuit recently summarized the Colorado River abstention doctrine, noting that "[a]bstention is an extraordinary and narrow exception to a federal court's duty to exercise its jurisdiction." FDIC v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999) (quotation marks and citations omitted). The Second Circuit emphasized that proper abstention analysis when there are parallel state court proceedings requires an examination of six factors, specifically: (1) jurisdiction over a *res* or property; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law applies; and (6) whether the state forum will adequately protect the rights of the party seeking to invoke federal jurisdiction. Id. The Court will address each factor in turn.

Jurisdiction Over Property

The Second Circuit has noted that the absence of jurisdiction by either the state or federal court over property "point[s] toward [the] exercise of jurisdiction." De Cisneros v.

Younger, 871 F.2d 305, 307 (2d Cir. 1989). Here, neither this action nor the Ohio action involves jurisdiction over property. Thus, for purposes of the Colorado River analysis, the first factor weighs slightly against abstention.

### Inconvenience of the Federal Forum

Where a federal court is equally accessible to the parties as a state court, "that factor favors retention of the case in federal court." Vill. of Westfield v. Welch's, 170 F.3d 116, 122 (2d Cir. 1999). Defendant maintains that the federal forum is inconvenient because of its strong Ohio roots. Specifically, Defendant is an Ohio corporation with its principal place of business in Ohio, most of Defendant's witnesses reside in Ohio, and the Defendant does not have any New York offices. Plaintiff argues the federal forum is convenient because its witnesses reside in New York, and because of a New York state choice of law provision in the Agreement.

It is not clear that the convenience factor weighs heavily in either direction, although it is significant to note that Ohio courts are equally competent to apply New York state law as is this Court. See Radioactive, J.V. v. Manson, 153 F. Supp. 2d 462, 476 (S.D.N.Y. 2001) (noting "[s]imply because this court sits in New York does not mean that it can apply New York state law any better than the California [state] court. Federal courts are obliged to give comity to state courts and not to assume expertise where none may lie" (quotation marks and citation omitted)). However, in light of the neutrality of the convenience factor, the exercise of this Court's jurisdiction over the matter is favored.

### Avoidance of Piecemeal Litigation

The Supreme Court proclaimed that "the most important factor in our decision to

approve the dismissal [in Colorado River] was the 'clear federal policy . . . [of] avoidance of piecemeal litigation.'" Moses H. Cone Mem'l Hosp., 460 U.S. at 16 (quoting Colorado River, 424 U.S. at 819); see also Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985) (noting that "the danger of piecemeal litigation is the paramount consideration"). Although the existence of duplicative litigation is not a determinative factor, the Second Circuit noted in Arkwright-Boston, that "[m]aintaining virtually identical suits [arising out of the same set of facts] in two forums . . . would waste judicial resources and invite duplicative effort . . . [A]voidance of piecemeal litigation is best served by leaving these suits in the state court." 762 F.2d at 211.

      Here, both the state action and federal action involve the same parties, and concern identical claims, specifically an allegation of a contractual breach. Plaintiffs' counterclaim in the Ohio action is nearly identical to their complaint in this Court. The existence of nearly identical claims in two different suits results in needless duplication of proceedings and wasting of judicial resources. Additionally, separate litigation of the construction of the parties' agreement "increases the likelihood that [the] dispute will drag on and decreases the likelihood of settlement." Radioactive, J.V., 153 F. Supp. 2d at 475. Accordingly, the avoidance of piecemeal litigation factor weighs heavily in favor of abstention.

      Order in Which Jurisdiction Was Obtained

      In assessing the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 21;

Arkwright-Boston Mfrs., 762 F.2d at 211.

The Ohio action was filed first, on April 5, 2006, and this action was filed nearly one week later, on April 11, 2006. More importantly, the Ohio action has progressed significantly further than the federal action. Specifically, the Ohio action has survived Plaintiffs' motion to dismiss, Plaintiffs have filed an answer and a counterclaim, and Defendant has filed its replies. Moreover, discovery is proceeding expeditiously and is beyond preliminary stages. Finally, and most recently, Defendant has filed a motion for summary judgment on all pending claims.

Besides the filing of the Complaint in this Court and the current abstention motion, no significant activity has occurred in the federal action. The Plaintiffs' assertion that both actions have progressed at an even pace, partly because there have been no depositions in either action and since "Plaintiffs are prepared to serve discovery requests [in the federal action]", is belied by the extensive discovery and motion practice that has occurred in the Ohio action. (Pls.' Opp'n Mot. at 7.) Thus, the fourth factor weighs in favor of abstention.

Source of Law

Although the presence of state-law issues may, in exceptional circumstances, weigh in favor of surrendering jurisdiction, "the presence of federal law issues must always be a major consideration weighing against surrender." Moses H. Cone Mem'l Hosp., 460 U.S. at 25; Arkwright-Boston Mfrs., 762 F.2d at 211 (noting "[a]s all diversity suits raise issues of state law, their presence does not weigh heavily in favor of surrender of jurisdiction.").

Here, there are only issues of state law, specifically, contract law. No federal question is implicated. Thus, this factor slightly favors abstention. See Wiggin & Co. v. Ampton Invs., Inc., 66 F. Supp. 2d 549, 554 (S.D.N.Y. 1999) (holding "the absence of a federal question still slightly favors abstention.").

### Adequacy of Procedures in State Court to Protect Plaintiffs' Rights

In assessing the adequacy of the state court forum, a federal court must determine whether the "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." Moses H. Cone Mem'l Hosp., 460 U.S. at 28; Vill. of Westfield, 170 F.3d at 124.

Here, the Plaintiffs do not assert any reason why the Ohio court would be inadequate to protect its rights. In fact, Plaintiffs have implicitly demonstrated their belief in the adequacy of the Ohio court to protect its rights by asserting a counterclaim that is nearly identical to their complaint in this action. See Wiggin, 66 F. Supp. 2d at 554 ("Plaintiff's rights are adequately protected where it can assert (as counterclaims) the same claims raised here."). Thus, there is no reason to conclude that the Ohio court cannot adequately protect Plaintiffs' rights, and therefore, this factor weighs in favor of abstention.

### Balancing the Colorado River Factors

"[T]he district court's discretion [in determining whether to abstain] must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." Dittmer v. County of Suffolk, 146 F.3d 113, 116 (2d Cir. 1998). Here, the balance of Colorado River factors weighs heavily in favor of abstention.

Factors three, four, five, and six weigh in favor of abstention, while factors one and two weigh slightly against abstention. Overall, the balance of factors, especially the weight of the avoidance of piecemeal litigation factor, qualifies this case as an exceptional one in which abstention is warranted. Cf. Wiggin, 66 F. Supp. 2d at 553-554 (finding abstention appropriate where the state and federal actions involved the same parties and nearly identical issues, both actions involve a state-law based contract claim, litigation of both actions would result in piecemeal litigation, and the state forum was adequate to protect plaintiffs' rights.)

## CONCLUSION

For the foregoing reasons, Defendant's motion for abstention is granted and this matter is dismissed without prejudice. The Clerk of Court is respectfully requested to enter judgment in accordance with this decision and close this case.

SO ORDERED.

Dated: New York, New York
September 14, 2006

LAURA TAYLOR SWAIN
United States District Judge